IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

     **Plaintiff**,

          **v.**

ARGENIS ERCIDES BRUZÓN-
VELÁZQUEZ,

     **Defendant**.

**Criminal No.** 17-632 (FAB)

MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court is Argenis Ercides Bruzón-Velázquez ("Bruzón")'s motion to withdraw his guilty plea. (Docket No. 68.)[2] For the reasons discussed below, the motion is **DENIED**.

I.   **Background**

In 2017, a grand jury charged Bruzón with five crimes. (Crim. No. 17-442, Docket No. 17 at pp. 1-4.) Later that year, a grand jury charged Bruzón with attempted carjacking. (Docket No. 1 at p. 1).

A change-of-plea hearing was held on January 16, 2020. (Docket No. 59.) At the start of the hearing, Bruzón's counsel requested additional time to discuss new evidence and the

---

[1] Samantha Gowing, a second-year student at the University of Michigan Law School, assisted in the preparation of this Memorandum and Order.

[2] All docket references are to Criminal No. 17-632 unless otherwise indicated.

government's plea deal with Bruzón.  The Court took a recess.  An
hour later, Bruzón's counsel stated that Bruzón would plead guilty,
but Bruzón wished to call his mother before doing so.  The Court
recessed again for approximately two-and-a-half hours.  The
hearing resumed after Bruzón called his mother.

Bruzón answered dozens of questions from the Court about,
*inter alia*, his background, his mental health, the charges against
him, his desire to plead guilty, and the possible punishment he
could face.  When the Court asked Bruzón what he wanted to do in
the hearing that afternoon, Bruzón stated that he wanted to sign
the plea, and when asked to clarify, Bruzón stated that he wanted
to plead guilty.  Bruzón confirmed that he was not under the
influence of any medicine, drugs, pills, or alcohol.  He stated
that he understood the terms of the plea agreement.  He stated
that he had discussed the charges against him and his decision to
plead guilty with his attorney.  He stated he understood that if
he pled guilty, he would not have a jury trial.

Bruzón entered a plea of guilty to two crimes.  The Court
accepted the plea.  A plea agreement was filed.  (Docket No. 60.)

A pre-sentence investigation report was disclosed on
March 25, 2020.  (Docket No. 66.)  Approximately two months later,
however, Bruzón moved to withdraw the guilty plea.  (Docket
No. 68.)

The thrust of Bruzón's motion to withdraw his guilty plea relates to timing and stress.  He claims that up until he pled guilty, he "had rejected all plea offers" and was "ready to proceed to trial."  Id. at pp. 1-2.  On the day he pled guilty, Bruzón asserts, he arrived at the courthouse for a pretrial hearing and "was surprised and then pressured into entering a plea of guilty." Id. at p. 2.  Bruzón states that he was "under pressure, coercion, stress, [and] confusion" when he pled guilty.  Id. at p. 4.  To substantiate this claim, Bruzón states that he "was not given adequate time to think and make a knowingly [sic] and voluntary decision."  Id. at pp. 4-5.

Bruzón avers that after pleading guilty, he "repented immediately of his decision," refused to see his counsel at the detention center, and asked her to withdraw from representing him because "he was angry and felt his right to a jury trial had been violated."  Id. at pp. 2-3.  To explain the four-month lapse between his guilty plea and the motion to withdraw, Bruzón states that he was transferred to a detention center outside of Puerto Rico, this detention center cancelled a scheduled legal call between Bruzón and his counsel, and a lockdown due to the pandemic further delayed correspondence.  Id. at p. 3.  Thus, Bruzón explains, another call with counsel was not scheduled until

April 28, 2020, delaying the filing of the motion to withdraw until

May 16.  Id.

## II.  Discussion

"A defendant may withdraw a plea of guilty . . . after the

court accepts the plea, but before it imposes sentence if . . .

the defendant can show a fair and just reason for requesting the

withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).

> The factors to be considered are whether the plea was
> voluntary, intelligent, knowing and in compliance with
> Rule 11; the strength of the reasons offered in support
> of the motion; whether there is a serious claim of actual
> innocence; the timing of the motion; and any prejudice
> to the government if the withdrawal is allowed.

United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009).  The first

set of factors—whether the plea was voluntary, intelligent, and

knowing—is the most important.  United States v. Santiago Miranda,

654 F.3d 130, 136 (1st Cir. 2011).

"In considering a motion to withdraw a guilty plea, the

district court must hold an evidentiary hearing if the defendant

alleges facts which, if taken as true, would entitle him to

relief."  Id. (internal quotation marks omitted).  "[A] defendant

is entitled to an evidentiary hearing unless the facts alleged are

contradicted by the record or are inherently incredible and to the

extent that they are merely conclusions rather than statements of

fact."  Id. at 137 (internal quotation marks omitted).

Here, Bruzón's motion relies primarily on time pressures and the stress of speaking by phone with his wife and mother. See Docket No. 68 at pp. 2, 4-5. These influences, he says, rendered him unable to make a knowing, voluntary, and intelligent decision. Id.

Time pressure may be relevant to whether a defendant can withdraw a guilty plea. For example, a defendant may not have had sufficient time either to adequately discuss a plea with his attorney or to understand its contents well enough to enter it intelligently.

Time pressures alone, however, are usually not dispositive. For instance, where a defendant decided to plead guilty an hour before the deadline to do so, the First Circuit Court of Appeals held that "the strategic decision to plead guilty was not rendered involuntary by the anxieties and time pressures confronting" the defendant. United States v. Marrero-Rivera, 124 F.3d 342, 350 (1st Cir. 1997). In Fuentes-Moreno, although the defendant received the plea offer the night before the deadline, an array of factors led the Court to find that the defendant entered the plea voluntarily, intelligently, and knowingly: the defendant received a clear explanation of the plea deal, he acknowledged that he understood it, and he was advised of his constitutional rights and

the penalties he could face.  United States v. Fuentes-Moreno, 321
F. Supp. 3d 282, 284-85 (D.P.R. 2018) (Besosa, J.).

Other external pressures or stressors, like speaking with
family members, are typically unavailing too.  "Criminal trials
are always stressful, but the stress inherent in a criminal trial
does not provide a strong reason for withdrawing a guilty plea."
United States v. Robinson, 427 F. App'x 163, 167 (3d Cir. 2011).
"The relevant question for plea withdrawal is not whether the
accused was sensitive to external considerations—many defendants
are—but instead whether the decision to plead was voluntary, i.e.,
a product of free will."  United States v. Pellerito, 878 F.2d
1535, 1541 (1st Cir. 1989).

Bruzón's allegations, if true, are insufficient to merit
withdrawal of his guilty plea.  The Court recessed twice to ensure
Bruzón had the time to review, understand, and deliberate the plea—
once for an hour so that Bruzón could discuss the plea with his
attorney and a second time for a longer period so that Bruzón could
speak on the phone with family members.  Bruzón's request for a
recess, his opportunity to contemplate the plea during both
recesses, and the discussions he had with his attorney and family
members weigh toward a view that the plea was knowing, voluntary,
and intelligent despite any contemporaneous time pressure or
stressors.  The colloquy during the hearing bolsters that view.

During the hearing, Bruzón explicitly clarified to the Court that his intention that day was to plead guilty.  He stated that he had fully discussed the plea deal with his attorney.  The Court explained Bruzón's rights and the penalties he faced, and Bruzón confirmed that he understood.  The Court observed Bruzón to be competent, and his attorney stated that she had no doubts as to Bruzón's competence to plead.  These facts together outweigh any concerns raised by the time pressures or stressors Bruzón allegedly faced.  The Court therefore finds that—even assuming Bruzón's account of the circumstances on January 16, 2020, is true—his guilty plea was knowing, voluntary, and intelligent.

The next factor, concerning whether Bruzón makes a serious claim of actual innocence, also does not weigh in his favor. Bruzón asserts in his motion that he is innocent.  (Docket No. 68 at p. 3.)  This assertion, however, is a mere conclusion rather than a statement of fact, and does not entitle Bruzón to a hearing. Santiago Miranda, 654 F.3d at 137.  "Merely voicing a claim of innocence has no weight in the plea-withdrawal calculus; to be given weight, the claim must be credible."  United States v. Fernández-Santos, 856 F.3d 10, 19 (1st Cir. 2017) (internal quotation marks omitted).  Without statements of fact to support it, the assertion of innocence does not weigh in favor of granting the motion to withdraw.

Bruzón asserts that factors outside of his control, including a lockdown due to the pandemic, prevented him from filing the motion to withdraw earlier than he did.  (Docket No. 68 at p. 5.) Without other factors weighing in Bruzón's favor, the timing of the motion is not a strong enough factor on its own to warrant a withdrawal of Bruzón's plea.  United States v. Powell, 236 F. App'x 194, 198 (6th Cir. 2007).  An evidentiary hearing on the timing of the withdrawal motion is not appropriate in this case.

## III. Conclusion

Bruzón's motion to withdraw his guilty plea, (Docket No. 68,) is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 31, 2020.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE